IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAKESH K. PATEL,

    Plaintiff,

v.                               Case No.  4:20cv23-MW/HTC

RICKY D. DIXON,

    Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 24, and has also reviewed *de novo* Petitioner's objections to the report and recommendation, ECF No. 26. Specifically, Petitioner objects to the Magistrate Judge's recommendation that his substantive incompetency claim be denied without an evidentiary hearing. This argument fails. Petitioner's argument about the impropriety of weighing evidence prior to an evidentiary hearing is well-taken. However, the well-reasoned report and recommendation notes that Petitioner's proffer consists of a lone affidavit from a psychiatrist hired to perform a post-hoc review of Petitioner's competency at the time of trial. *See* ECF No. 24 at 18. Setting aside the potential speculation on the proffer, it still falls short of showing "clear and convincing evidence creating a real, substantial and legitimate doubt as to his competence to stand trial." *See id.* at 17, 20–21 (quoting *Medina v. Singletary*,

59 F.3d 1095, 1106 (11th Cir. 1995)). This Court agrees. The psychiatrist's lone affidavit, without more,[1] does not " 'positively, unequivocally, and clearly' generate doubt" as to Petitioner's competence to stand trial. *See Medina*, 59 F.3d at 1106. Accordingly, **IT IS ORDERED**:

The report and recommendation is **accepted and adopted**, over Petitioner's objections, as this Court's opinion. The Clerk shall enter judgment stating, "The amended petition for writ of habeas corpus, ECF No. 16, is **DENIED**."

The Clerk shall also close the file.

**SO ORDERED on November 21, 2022.**

                                   s/Mark E. Walker
                                   **Chief United States District Judge**

---

[1] As the Magistrate Judge points out, Dr. Gadh's declaration "does not point to any evidence showing [Petitioner] lacked the ability to assist counsel and participate in his defense, making this case very different from *James v. Singletary*, 957 F.2d 1562 (11th Cir. 1992) . . . ." ECF No. 24 at 20. Further, unlike the petitioner in *James*, state courts made several factual findings supporting Petitioner's competency. *Id.* Finally, Patel does not proffer any evidence indicating that he stopped taking his medications or what impact that would have had on his ability to participate in his defense or communicate with counsel. *Id.* at 21.